**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **LINTEZ MOTLEY,** ) <br> ) <br> **Defendant.** ) | Case No. 09-CR-20071 |

## OPINION

This case is before the court for ruling on Defendant's Motion to Suppress (#13). An evidentiary hearing was held on October 8, 2010, and the parties presented argument following the hearing. Following this court's careful consideration of the evidence presented at the hearing and the arguments of the parties, Defendant's Motion (#13) is DENIED.

## BACKGROUND

On September 15, 2009, Defendant, Lintez Motley, was charged by indictment (#8) with, on or about August 18, 2009, knowingly and intentionally possessing five or more grams of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it. Defendant is represented by appointed counsel, John C. Taylor, and has been detained pending trial.

## MOTION TO SUPPRESS

On August 2, 2010, Defendant filed a Motion to Suppress (#13). On September 2, 2010, Defendant filed a Brief in Support of Motion to Suppress (#14). On October 1, 2010, the Government filed its Response to Defendant's Motion to Suppress Evidence (#15).

At the evidentiary hearing held on October 8, 2010, the Government presented the testimony of one witness, Nick Krippel. Krippel testified that he had been a police officer with the City of Champaign Police Department for five years. He testified that, before that, he was a police officer in Dwight, Illinois, for six years.

Krippel testified that he was involved in an investigation of Mario Motley. During the investigation, officers received information from a confidential source regarding drug activity at 408 E. Hill Street in Champaign, Illinois, and began surveillance at that location in August 2009. Based upon information obtained during the investigation, an affidavit in support of a search warrant for 408 E. Hill Street was presented to Judge Blockman. Judge Blockman issued the warrant and Krippel participated in the execution of the warrant on August 18, 2009. During the execution of the search warrant, officers located a clear plastic bag containing cocaine base (crack), which weighed 7.5 grams, and five clear plastic bags containing heroin, which weighed 1.1 grams. The crack cocaine and heroin were located inside a pillow case in the south first floor bedroom of the house. The pillow case also held a pillow and the crack cocaine and heroin were located between the pillow case and the pillow. Persons present when the search warrant was executed told officers that the south first floor bedroom was Defendant's. Officers also found an envelope addressed to Defendant in that bedroom.

On August 28, 2009, Defendant was arrested. Krippel and Matt Henson interviewed Defendant. Krippel testified that he advised Defendant of his Miranda rights and Defendant said he understood his rights and agreed to talk to them. Defendant made admissions during a first interview and also made statements during a second interview, which was recorded. The taped recording of the second interview was played during the evidentiary hearing.

ANALYSIS

In his Motion to Suppress (#13) and Brief in Support (#14), Defendant made general arguments that the evidence and statements were obtained in violation of his constitutional rights and should be suppressed. Following the evidentiary hearing, Defendant argued only that the search of the pillow case was unreasonable and, therefore, the crack cocaine found inside the pillow case should be suppressed.

Defendant relied on United States v. Evans, 92 F.3d 540 (7th Cir. 1996). In Evans, the

Seventh Circuit stated:

> If [police officers executing a warrant] are looking for a canary's corpse, they can search a cupboard, but not a locket. If they are looking for an adolescent hippopotamus, they can search the living room or garage but not the microwave oven. If they are searching for cocaine, they can search a container large enough to hold a gram, or perhaps less.

Evans, 92 F.3d at 543. Based upon Evans, Defendant argued that it was unreasonable for the officers to search the pillow case in order to search for drugs.

However, the Court in Evans stated that a "warrant to search a house or other building authorizes the police to search any closet, container, or other closed compartment in the building that is large enough to contain the contraband or evidence that they are looking for." Evans, 92 F.3d at 543. This court agrees with the Government that the search of the pillow case was reasonable under the circumstances here. This court finds that the pillow case was large enough to hold the contraband the officers were looking for and the officers could reasonably conduct a search of the pillow case. Accordingly, this court concludes that there is no basis to suppress the evidence seized in this case.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Suppress (#13) is DENIED.

(2) This case remains scheduled for a status conference on December 3, 2010, at 3:00 p.m.

ENTERED this 15th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE